**2013-1423**

# United States Court of Appeals
# for the Fourth Circuit

JOHN L. DEROSA,

*Plaintiff-Appellee,*

*v.*

J.P. WALSH & J.L. MARMO ENTERPRISES, INC.,

*Defendant-Appellant.*

*Appeal from the United States District Court for the Eastern District of Virginia in Case No. 1:10-cv-00287-CMH-TRJ, Judge Claude M. Hilton.*

## BRIEF OF DEFENDANT-APPELLANT

THOMAS P. PAVELKO
DANIEL P. MULLARKEY
NOVAK DRUCE CONNOLLY
   BOVE +  QUIGG, LLP
1875 I (EYE) Street, NW
Eleventh Floor
Washington, D.C. 20006
Tel: (202) 331 7111
Fax: (202) 293 6229
Email: tom.pavelko@novakdruce.com
            daniel.mullarkey@novakdruce.com

*Counsel for Defendant- Appellant,*
*J.P.Walsh & J.L. Marmo Enterprises, Inc.*

MAY 20, 2012

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

No. 13-1423    Caption: John L. DeRosa v. J. P. Walsh & J. L. Marmo Enterprises, Inc.

Pursuant to FRAP 26.1 and Local Rule 26.1,  J.P. Walsh & J.L. Marmo Enterprises, Inc.  who is  Appellant, makes the following disclosure:

1.    Is party/amicus a publicly held corporation or other publicly held entity?
      ( ) YES                              ( X ) NO

2.    Does party/amicus have any parent corporations?
      ( )    YES                           ( X ) NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?
      ( ) YES                              ( X ) NO
      If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?
      ( ) YES                              ( X ) NO
      If yes, identify entity and nature of interest:

5.    Is party a trade association (amici curiae do not complete this question)?
      ( ) YES                              ( X ) NO
      If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?
      ( ) YES                              ( X ) NO
      If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ Daniel P. Mullarkey          Date: May 20, 2013
              Counsel for Appellant

i

# TABLE OF CONTENTS

*Page*

DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER
INTERESTS.....................................................................................................i

TABLE OF AUTHORITIES ...........................................................................iv

I.     STATEMENT OF JURISDICTION ....................................................1

II.    STATEMENT OF THE ISSUES .........................................................2

III.   STATEMENT OF THE CASE .............................................................3

       A. Patent owner Marmo was denied access to the court system...................3

       B. The Nature of the case ...................................................................4

       C. Course of the Proceedings .............................................................4

IV.    STATEMENT OF FACT .....................................................................11

V.     SUMMARY OF THE ARGUMENT ...................................................14

VI.    THE ARGUMENT................................................................................16

       Standard of Review.............................................................................16

       A. Whether the District Court committed reversible error when
          it denied with prejudice Marmo's Motion to Lift Stay and
          Reinstate to the docket its tort counterclaim for patent
          infringement and end the cause once the arbitration process
          was completed without ever adjudicating the patent
          infringement issue ...................................................................17

          1.  The arbitrability of patent infringement was not in
              dispute...........................................................................17

          2.  DeRosa's own failure to address Marmo's patent
              infringement counterclaim failed to place patent
              infringement in controversy before the arbitration
              proceedings.....................................................................19

3.  As movant for the Stay, it was DeRosa's burden to indicate the issues it wanted arbitrated .................................................19

4.  The District Court was obligated to clearly define the arbitrable issues if the parties were in dispute .....................................22

5.  The District Court committed reversible error and this Court should remand for further proceedings on Marmo's counterclaim for patent infringement ....................................................23

B.  Whether Derosa's failure to request the District Court construe the contract to determine arbitrable issues waives any right to demand arbitration of the tort counterclaim ........................26

1.  DeRosa waived or abandoned any claim that patent infringement is an arbitrable issue by failing to raise the issue to the district court when on notice of Marmo's position ...................................................................27

2.  DeRosa's conduct before the arbitrator further highlights his waiver and abandonment of his right to have the arbitration clause of the contract interpreted in his favor ..................28

3.  DeRosa and Marmo clearly defined the issues for arbitration .........................................................................29

C.  Whether DeRosa's conduct in arbitrating only the ownership issue resulted in prejudice to Marmo when the arbitration confirmed Marmo's ownership of the patent-in-suit................................30

VII. CONCLUSION .....................................................................33

REQUEST FOR ORAL ARGUMENT ..................................................33

CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a) ....................34

CERTIFICATE OF SERVICE ..............................................................35

iii

# <u>TABLE OF AUTHORITIES</u>

*Page(s)*

**Cases**

*Alford v. Dean Witter Reynolds, Inc.*,
   975 F.2d 1161 (5th Cir. 1992) ....................................................23

*Amchem Products, Inc. v. Newport News Circuit Court Asbestos Cases*,
   563 S.E.2d 739 (Virginia 2002)..................................................30

*AT&T Technologies, Inc. v. Communications Workers of Am.*,
   475 U.S. 643 (1986)....................................................................18

*B & R Associates v. Dependable Ins. Co., Inc.*,
   835 F.2d 526 (4th Cir. 1987) ......................................................22

*Bowers v. U.S. Dept. of Justice*,
   930 F.2d 350 (4th Cir. 1991) ......................................................16

*Chawla v. BurgerBusters, Inc.*,
   499 S.E. 2d 829 (Virginia 1998)..................................................26

*Cherokee Nation of Oklahoma v. United States*,
   124 F.3d 1413 (Fed. Cir. 1997) ..................................................16

*Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*,
   252 F.3d 707 (4th Cir. 2001) ......................................................23

*Dialysis Access Ctr., LLC v. RMS Lifeline, Inc.*,
   638 F.3d 367 (1st Cir. 2011).......................................................20

*Eatoni Ergonomics, Inc. v. Research In Motion Corp.*,
   633 F.Supp.2d 109 (S.D.N.Y. 2009) ..........................................28

*First Options of Chicago, Inc. v. Kaplan*,
   514 U.S. 938 (1995).....................................................................29

*Glass v. Kidder Peabody & Co., Inc.*,
   114 F.3d 446 (4th Cir. 1997) ......................................................18

*Gross v. Spies*,
   1998 WL 8006 (4th Cir. 1998) ...................................................16

*Gunn v. Veterans Admin. Med. Ctr., Brimingham, Ala.*,
892 F.2d 1036 (Fed Cir. 1990) ...................................................29

*In re Varat Enterprises, Inc.*,
81 F.3d 1310 (4th Cir. 1996) ............................................ 21, 26

*Jim Arnold Corp v. Hydrotech Sys., Inc.*,
109 F.3d 1567 (Fed. Cir. 1997) ................................................24

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
514 U.S. 52 (1995)....................................................................29

*Promega Corp. v. Life Technologies Corp.*,
674 F.3d 1352 (Fed. Cir. 2012) ...............................................18

*Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*,
479 F.3d 1330 (Fed. Cir. 2007) ...............................................16

*WorldCrisa Corp. v. Armstrong*,
129 F.3d 71 (2nd Cir. 1997) ....................................................28

**Statutes and Rules**

9 U.S.C. § 3 ................................................................................5

9 U.S.C. § 9 ......................................................................... 1, 10

28 U.S.C. § 1294(1) ...................................................................1

28 U.S.C. § 1295(a)(1)...............................................................1

28 U.S.C. § 1331 ........................................................................1

28 U.S.C. § 1338 (a) ..................................................................1

28 U.S.C. § 2107 (a) ..................................................................1

35 U.S.C. § 154(a)(2)................................................................32

35 U.S.C. § 271(a) ...................................................................31

35 U.S.C. § 282 ........................................................................19

35 U.S.C. § 286 ...............................................................................................32

Fed. R. App. P. 4(a) .........................................................................................1

Fed. R. Civ. P.  26(f) ........................................................................................5

## I.   <u>STATEMENT OF JURISDICTION</u>

(A) The District Court had jurisdiction under 28 U.S.C. § 1331, 1332 and

§ 1338(a) in a controversy arising under the laws of the United States,

including, but not limited to the patent laws, under 28 U.S.C. § 1331.

(A9-23; A90-99).

(B) This Court has jurisdiction over this appeal under 28 U.S.C. §

1294(1), upon a complaint based "in whole or in part, on a civil action

arising under the laws of the United States (28 U.S.C. § 1331),

including "restoring unto him[DeRosa] his intellectual property rights

in his invention, the 'DeRosa Router Chuck'" under 35 U.S.C. § 255.

(C) Further, this appeal is taken from an Order Confirming an Arbitration

Award under 9 U.S.C. § 9. The Order denying Defendant's Motion to

Lift Stay was based on the findings of the Arbitration Award

confirmed by the District Court.

(D) The District court entered a Final Order ending the cause on April 6,

2011. (A281). Marmo filed a timely notice of appeal on May 3, 2011

(A282), from the District Court's final judgment under 28 U.S.C. §

2107(a) and Fed. R. App. 4(a).  Although the notice of appeal was

originally filed in the Federal Circuit, the appeal was transferred to

this court by letter from the Federal Circuit dated March 28, 2013.

(A294).

(E) Marmo appeals from the Final Order of April 6, 2012 (A281), ordering that defendant-appellant's motion to lift stay and reinstate the case to the active docket is denied with predjudice and ending the cause, thereby dismissing Marmo's patent infringement counterclaim without proper adjudication.

## II.   <u>STATEMENT OF THE ISSUES</u>

1.   Whether the District Court committed reversible error when it denied with prejudice Defendant–Appellant's ("Marmo") Motion to Lift Stay and Reinstate to the docket its tort counterclaim for patent infringement and end the cause once the arbitration process was completed without ever adjudicating the patent infringement issue.

2.   Whether Plaintiff-Appellee's ("DeRosa") failure to request the District Court to construe the contract to determine arbitrable issues waives any right to demand arbitration of the tort counterclaim.

3.   Whether DeRosa's conduct in arbitrating only the ownership issue resulted in prejudice to Marmo when the arbitration confirmed Marmo's ownership of the patent-in-suit.

### III.    STATEMENT OF THE CASE

#### A. Patent owner Marmo was denied access to the court system

Marmo, as patent owner by reason of assignment of the patent-in-suit from the inventor, DeRosa, could bring an action against any accused infringer. DeRosa's vain attempt to rescind the contract containing the assignment does not negate Marmo's right to bring a claim for patent infringement. The district court abrogated Marmo's property rights in its patent property without ever litigating (or ordering arbitration of) Marmo's counterclaim of patent infringement. (A63-78, in pertinent part at A72-74). Neither DeRosa's Complaint (A16-20) nor the district court judge ever interpreted the requirements manufacturing contract (A35-38) to include the tort of patent infringement as an arbitrable issue. Likewise, Marmo has been consistent in separating the agreed-to arbitrable contract issues from its own counterclaim of patent infringement before the district court, and DeRosa failed to ever address this issue before the district court prior to arbitration. (A129-140, in pertinent part at A131 and 133-134). Incredibly, after the parties agreed to the arbitrable contract issues, and the contract issues were adjudicated by arbitration, confirming the owner of the patent-in-suit to Marmo, DeRosa, for the first time before the district court, claimed that the issue of patent infringement should have also been raised to the arbitrator. (A204-219, in pertinent part at 204-205). This claim that Marmo should have raised the issue of patent infringement to the

3

arbitrator, and that Marmo subsequently waived its right to assert patent infringement, was accepted by the district court judge, essentially denying Marmo's ability to adjudicate its patent infringement case.

## B.  The Nature of the case

DeRosa initially filed a complaint (A16-20) in the Circuit Court of Fairfax County (Virginia) for equitable relief seeking not only rescission of a requirements manufacturing contract (A35-38), containing a clause (A35, Clause 2) assigning his invention to Marmo, to place the parties into the *status ante*, but also sought restoration (correction) of the patent-in-suit which had been issued directly to Marmo by the Commissioner of Patents by reason of a subsequent assignment of November 9, 1999 (A42-43), for good and valuable consideration, the receipt of which was acknowledged by DeRosa (A19-23).

On March 15, 2010, the clerk of Fairfax County (Virginia) issued Summons on the Complaint against Marmo (A14), which was served shortly thereafter on Marmo. (A17).

## C. Course of the Proceedings

On March 25, 2010, Marmo removed the complaint to the United States District Court for the Eastern District of Virginia (Alexandria Division). (A9-12).

Discovery was opened by the Scheduling Order entered April 9, 2010, (A59) and Marmo served its initial discovery (A123; "Commencement of Discovery") upon DeRosa seeking evidence centering on patent infringement.

A schedule of "Events" surrounding patent infringement discovery was included in the Report of Parties Rule 26(f) Conference and Discovery Plan, including a claim construction "Markman" hearing. (A122-127, in pertinent part at A125 and A127).

DeRosa filed a motion to remand to state court on April 10, 2010. (A60-62).

Marmo responded to the complaint by way of filing its Answer, Defenses and Counterclaim (A63-78) (including a counterclaim for infringement of the patent-in-suit) (A72-74) on April 14, 2010.

DeRosa thereafter filed a motion to Stay and Select an Arbitrator on April 16, 2010, (A79-89), under 9 U.S.C. § 3. The parties had previously agreed to arbitrate the question of rescission of the Contract (A88) but could not agree on an arbitrator. The motion to Stay by DeRosa did not request that the issue of patent infringement or invalidity of the patent-in-suit be arbitrated. (A79-80).

DeRosa did not request the district court to construe the arbitration clause of the Contract (A79-80), DeRosa's complaint did not ask for any finding of non-infringement, invalidity or unenforceability, or any declaration of his rights *viv-a-*vis the patent -in-suit (A16-20), nor did DeRosa request that patent infringement be

one of the issues for arbitration. (A79-80). All that DeRosa requested by his motion to Stay was for the court to select an arbitrator (A79, first paragraph).

DeRosa did not deny, nor otherwise respond to the Counterclaim by Answer or motion.

Marmo filed an opposition (A90-121) to DeRosa's motion to remand to the state court, including, *inter alia*, an application of the federal question jurisdiction arising under the patent laws.

A hearing on the various motions was held on April 30, 2010, before Judge Claude Hilton. (A141).

On April 30, 2010, the district court judge entered a minute order noting that "Pltfs [DeRosa's] [8] Motion to Remand to State Court –Argued and Denied; Pltf's [DeRosa's] Motion [12] to Stay and Select an Arbitrator-Granted, Case STAYED and stricken from the active docket pending arbitration." (A141).

On May 3, 2010, an order was entered in which the case was "STAYED and stricken from the active docket pending arbitration." (A142). The Stay effectively precluded Marmo from taking any discovery on the issue of patent infringement. However, the case was not dismissed and the district court retained jurisdiction for further proceedings, including the "Event" of "claim construction." (A127). Marmo was not given the opportunity of discovery identifying the extent of infringement, including those that DeRosa induced to directly infringe the patent.

DeRosa did not comply with the minute order of April 30, 2010 or the court order of May 3, 2010 to participate in arbitration, despite various written and oral communications by Marmo's counsel to DeRosa's counsel, as well as discussions between the parties on the subject of arbitration, and Marmo therefore brought a further motion, in August 2011, to lift stay and reinstate the case to the active docket of the court. (A143-154). In the alternative, Marmo requested the court to fashion a remedy whereby the patent infringement counterclaim would be severed from the arbitrable issues. (A153).

A hearing was held on the motion on September 2, 2011, before Judge Hilton (A155), and on September 9, 2011, Marmo's motion to lift stay was denied, and Judge Hilton ordered that [Magistate Judge (retired)] "Barry R. Poretz is appointed arbitrator in this case and counsel are directed to proceed forthwith with arbitration." (A156). Again, there was no request by DeRosa to have the court construe the contract and no request by DeRosa that patent infringement become an arbitrable issue. Judge Hilton did not order the parties as to the issues to be arbitrated. (A155; A156), and certainly did not order the parties to arbitrate patent infringement.

After the district court's renewed order (A152) compelling the parties to arbitrate, DeRosa drafted the initial "Short Form" of the Agreement to Arbitrate (A247-248) specifying that "Mr. DeRosa seek (sic-seeks) damages and rescission

7

for Breach of a Contract for assignment of a patent" and by including as an issue of the claims to be arbitrated "Defendant's counter sue for patent infringement and injunctive relief," and forwarded the Short Form to Marmo's counsel.

Marmo's counsel indicated, as an attachment to the Short Form (A250-251), that the arbitration clause of the contract upon which the parties were proceeding to arbitrate did not include an agreement to arbitrate questions of patent infringement, which "will be pursued in the court once the Arbitration is completed" (A250 – second paragraph), which was signed and dated by counsel for Marmo on September 14, 2011 (A248), and forwarded to the McGammon Group and served on DeRosa. (A253-254).

By email dated September 23, 2011, addressed to the arbitrator's paralegal, Malinda Morawetz, counsel for DeRosa, Mr. Hassan, stated "[W]ithout agreeing to the allegations or legal assertions made in the Defendant's statement of issues or waiving the right to make submissions pursuant to a schedule established by the arbitrator, we [DeRosa] consent to allowing the defendant's attachment to the agreement to arbitrate." (A253).

Marmo and DeRosa thereafter entered into a "Proposed Joint Statement of Arbitratable Issues."  (A257-264). The parties agreed-to "Proposed Joint Statement of Arbitratable Issues" did not include any issues touching upon patent

infringement or defenses thereto, nor any claim construction of the patents. (A257-264).

DeRosa was of the view that any breach of contract in dealing with Marmo might support his claim of rescission. Thus, every order for its requirements by Marmo, and every delivery from DeRosa as manufacturer was examined as to quantity, date of delivery and payment therefor. It was a detailed accounting of the financial transactions between the parties for almost 12 years. Arbitration took place over two days and included over a thousand pages of transcript and over a thousand pages of exhibits. The original signatories on the Contract, Messrs. Walsh, Marmo and DeRosa, all testified as to contract formation, the obligations of the parties, the performance of the obligations and alleged breaches of the contract.

An Arbitration Award ("AWARD") (A161-163) was made on March 8, 2012, specifically stating (in part) (A161-162):

> "Plaintiff DeRosa is denied rescission of the contract dated November 9, 1998. The equitable remedy of rescission of the assignment is not appropriate especially when all of the consideration for the assignment was completed on November 12, 1998 when Walsh/Marmo filed provisional U.S. Patent application No. 60/107,966 in the USPTO bearing all costs for preparing and filing the application, and DeRosa has not alleged fraud. Accordingly, the Arbitrator rules against the DeRosa contention that Walsh/Marmo Enterprises failed to abide by its contractual and financial obligations under the contract, having denied him the bargained for benefit of the contract, which plaintiff claims may only be remedied by rescission or cancellation of the contract and the restoration of ownership of the patent and rights of the patent in DeRosa's intellectual property, his invention, the DeRosa Router Chuck".

The AWARD further provided that "Plaintiff, John DeRosa is DENIED the request for rescission of the November 9, 1998 contract." (A162, last two lines).

DeRosa was first to file a motion in the district court requesting entry of the AWARD on March 13, 2012. The motion did not include any request to vacate, modify or cancel the AWARD under 9 U.S.C. § 9. (A157-165). Marmo joined in the DeRosa's motion to confirm the AWARD on March 22, 2012 (A166-177), and, on the same date, filed Marmo's motion to Lift Stay and Reinstate this case to the active docket of the court (A178-184), together with a First Amended Answer, Defenses and Counterclaims (limiting the question of infringement to only the patent-in-suit on which Marmo had been determined to be the true owner). (A187-203). Marmo simultaneously filed a Motion for Partial Summary Judgment (A185-186) dismissing the Complaint as being concluded by the arbitration.

DeRosa's Opposition to Marmo's motion to lift stay, for the first time before the district court, raised the question of contract interpretation of the arbitration clause, with DeRosa arguing that Marmo's failure to arbitrate the question of patent infringement was a waiver and abandonment of that claim. (A205, paragraphs 4 and 5). Marmo's Reply to Derosa's Opposition (A237-239) clearly pointed out that:

> "In this case, both parties were in agreement that certain issues should be brought before an arbitrator. This Court has never attempted to interpret the contract between the

parties in order to determine the proper scope of issues to be resolved by the arbitrator.

Furthermore, an arbitrator can only decide issues within the scope of the contract. And this court can only order the parties to arbitrate under the terms of the agreement. Further, a stay of all proceedings is not an indication this Court intended for the parties to arbitrate Defendant's counter-claims which are outside the scope of the contract.

(A238-239) (citations omitted).

A hearing was held on March 30, 2012, before Judge Hilton. (A280).

An Order dated April 6, 2012, granted DeRosa's motion to confirm the arbitration award and ending the cause was entered; and denying, with prejudice, Marmo's motion to lift stay and reinstate the case to the active docket of the court. (A281). It is from this Order of April 6, 2012, from which Marmo appeals.

No discovery was permitted to Marmo, even though Marmo timely opened its discovery (A123), and no adjudication of Marmo's counterclaim for patent infringement was ever entertained by the District Court.(A281).

## IV.   **STATEMENT OF FACT**

DeRosa never raised the issue of patent infringement as an arbitrable issue before the district court. (A16-20; A60-62).

The district court never construed the contract, nor the arbitration clause thereof, nor identified the issue of patent infringement as an arbitrable issue, when

11

it ordered the parties to arbitration on the Contract. (A141-142; A155-156; A238-239; A281).

DeRosa did not file his motion to stay case and select an arbitrator until DeRosa was On Notice of the counterclaim containing the claim of patent infringement of the patent-in-suit was before the District Court. (A79-89).

The stay was not granted until the issue of patent infringement was before the District Court. (A141-142).

The District Court appointed an arbitrator, but did not specify the issues to be arbitrated. (A141-142; A155-156).

The parties were in agreement as to the issues to be arbitrated at the time of arbitration. (A257-264).

The issue of patent infringement was not to be arbitrated by the parties and DeRosa, through counsel, in writing, agreed to not having patent infringement be part of the arbitration and acknowledged Marmo's contention that patent infringement "will be pursued in the court once the Arbitration is completed" (A251-252). The arbitration process and resulting AWARD did not consider patent infringement, or any defense to liability for infringement of the patent-in-suit except for the dispute over ownership of the patent-in-suit. (A161-163).

The AWARD denied DeRosa's contentions for rescission and confirmed Marmo's ownership of the patent-in-suit. (A161-163, especially the paragraph spanning A161-162 and last two lines of A162).

The AWARD was clear on its face and DeRosa did not ask for vacation, modification or correction of the AWARD. (A157-165).

The district court did not consider the issue of patent infringement. (A141-142; A155-156; A281).

Marmo made it clear to DeRosa and the district court that patent infringement was not an arbitrable issue. (A133-134; 150-151; A251; A238-239; A253-254; A257-264). Neither DeRosa nor the district court ever indicated to Marmo that its position was incorrect.

Marmo has never been permitted to take discovery on its claim of patent infringement, and has been denied access to the district court on its claim of patent infringement, even though the arbitration process and the AWARD entered by the district court confirms that Marmo is the assignee of DeRosa's rights to the patent-in-suit, and owner of the patent-in-suit, known as the Derosa Router Chuck, and that DeRosa's contentions of rescission or cancellation of the Contract, and request for restoration of the patent-in-suit have been denied. (A281).  Marmo has been denied having its claim for patent infringement entertained by the district court,

13

and basically has been turned away from the district court by the court's refusal to lift the stay, with prejudice, and ending of the cause. (A281).

## V.    SUMMARY OF THE ARGUMENT

The district court committed reversible error when it refused to lift the stay and reinstate Marmo's counterclaim for patent infringement to the active docket and adopted DeRosa's erroneous argument Marmo somehow waived or abandoned its principle counterclaim of patent infringement. Marmo cannot be denied his right to bring suit for patent infringement against DeRosa. Marmo's standing to bring its counterclaim of patent infringement was confirmed by the arbitration process and Marmo only needed to put on its case of infringement to prevail on its counterclaim.

Marmo has never faltered in its contention that patent infringement was outside the scope of the arbitration clause. (A151; A182-183; A249-251; A257-264; A289). DeRosa's demand for arbitration was always limited to rescission. (A54, second and third paragraphs; A16-20, in pertinent part at A19, paragraphs 18-21; A79-89, in pertinent part at A79, first paragraph; A250-251; A253). Neither the district court nor DeRosa contradicted Marmo's understanding of the contract prior to the arbitration process. Despite what DeRosa contended before the district court after the arbitrator issued the AWARD, Marmo could not have waived his counterclaim of patent infringement for failing to raise the issue before the

14

arbitrator when Marmo was not on notice that patent infringement was an arbitrable issue. Further, DeRosa explicitly acquiesced in Marmo's position when he refused to raise the issue before the district court, or the arbitrator, despite being on notice of Marmo's position. Marmo cannot waive or abandon a right as important as rights to bring a patent infringement suit absent some intentional and express waiver, which does not exist in this case. This Court must remand the case to the district court to adjudicate Marmo's patent infringement claim.

Further, DeRosa, by inaction and conduct, never made the issue of patent infringement a controversy between the parties and he himself waived any right to insist on a contract interpretation that patent infringement was within the scope of the contract arbitration clause. DeRosa was on notice that it was Marmo's contention that patent infringement was not an arbitrable issue. DeRosa failed to dispute this contention before the district court or the arbitrator. It was DeRosa, and not Marmo, who failed to preserve any right to arbitrate that issue. In fact, DeRosa expressly acknowledged Marmo's position (A253) and failed to dispute the contention that patent infringement was not for arbitration, waiving any argument to the contrary. This Court must vacate the district court's order denying the Lift of Stay, remand to the district court with instructions to reinstate the case to the active docket, and instruct the district court to proceed with the patent infringement case.

## VI.    <u>THE ARGUMENT</u>

### Standard of Review

The standard of review in refusing to lift the stay and ending the cause, including the pending counterclaim is *de novo*. *See Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1335 (Fed.Cir.2007), citing the 4th circuit decision in *Gross v. Spies,* 1998 WL 8006 at *8 (4th Cir. 1998) (unpublished opinion) (cited in 29 cases).

A District Court has the power to stay proceedings pending arbitration under its inherent authority to control the disposition of it cases. *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed.Cir. 1997).   This broad power is analyzed under an abuse of discretion standard. *Id.*

However, when the District Court refuses to a lift a stay pending arbitration after the arbitration is concluded, and instead, dismisses Defendant's counterclaim with prejudice, this court should apply the 4th Circuit *"de novo* standard of review"* to evaluate the district court's act. *Walter Kidde Portable Equip., Inc.*, 479 F.3d at 1335 (citing *Bowers v. U.S. Dept. of Justice*, 930 F.2d 350, 353 (4th Cir. 1991)).

16

**A. Whether the District Court committed reversible error when it denied with prejudice Marmo's Motion to Lift Stay and Reinstate to the docket its tort counterclaim for patent infringement and end the cause once the arbitration process was completed without ever adjudicating the patent infringement issue**

DeRosa, after being compelled to arbitration in May 2010 (A142), and again in September 2011 (A156), and completing the arbitration in 2012, first raised the issue of arbitrability of patent infringement to the court following the arbitration AWARD, in response to Marmo's motion to lift stay. (A220-222). The district court judge, in error and despite never compelling the parties to arbitrate patent infringement, *ex post facto* ordered that Marmo should have arbitrated patent infringement (A291, lines 2-6) and therefore "lost" its right to bring the patent infringement claim and dismissed the case with prejudice. (A281).

**1. The arbitrability of patent infringement was not in dispute**

Prior to the district court judge's order appointing an arbitrator, both parties were in agreement that the contract at issue contained a valid arbitration clause for issues arising under the contract (A54, third paragraph, first sentence; A56, fourth paragraph, first sentence; A131), and that DeRosa's issues needed to be arbitrated. However, Marmo expressly stated to the district court that patent infringement was not an arbitrable issue. (A133-134; A 150-151). DeRosa never contended otherwise, nor asked the court to conduct a limited review of the contract to

17

determine whether or not patent infringement was an arbitrable issue. *See Glass v. Kidder Peabody & Co., Inc.*, 114 F.3d 446, 453 (4th Cir. 1997) (discussing the district court's role in determining whether a specific dispute falls within the substantive scope of an arbitration agreement). Even if the district court had, *sua sponte*, ordered the parties to arbitrate patent infringement (it did not), a district court cannot compel arbitration of issues not agreed to be arbitrated. *See* 9 U.S.C. §§ 3 and 4 (a court has authority to direct parties to proceed to arbitration on issues for which arbitration has been agreed); *see also AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648-49 (1986) (finding "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit"). Further, if a dispute arises as to the arbitrability of an issue, unless agreed to otherwise, the District Court must determine the scope of the arbitration clause. *Promega Corp. v. Life Technologies Corp.*, 674 F.3d 1352, 1356 (Fed. Cir. 2012). In the present case, the arbitrability of patent infringement was not in dispute before the district court nor before the arbitrator. (A133-134; A151). Marmo put both the court and DeRosa **on notice** that patent infringement was not an arbitrable matter, and DeRosa failed to object to this position or request the court to interpret the contract otherwise, (A79), and the court did not address this issue.

### 2. DeRosa's own failure to address Marmo's patent infringement counterclaim failed to place patent infringement in controversy before the arbitration proceedings

DeRosa brought his complaint for rescission/cancellation of the contract of assignment as a strategy to restore rights in the patent-in-suit to him. (A19-20). DeRosa raised the issue of rescission or cancellation of the Contract, including *inter* alia, the assignment clause of the patent-in-suit in his complaint. (A16-20). However, he did not raise the defenses of non-infringement, invalidity or unenforceability of the patent-in-suit as defenses (35 U.S.C. § 282). Nor did he deny, or otherwise respond to the counterclaim for patent infringement. Thus, Marmo was never put **on notice** that DeRosa contested the issue of his infringement of the patent-in-suit. Thus, there was no case or controversy established by DeRosa as to the counterclaim charge of patent infringement, save the issue of standing of Marmo as owner of the patent-in-suit, which DeRosa hoped to defeat by rescission/cancellation of the Contract or other equitable grounds. (A19-20).

### 3. As movant for the Stay, it was DeRosa's burden to indicate the issues it wanted arbitrated

The issue of whether patent infringement was arbitrable was never considered by the court (A289, lines 8-13), or if it was considered, the determination was not communicated to the parties by indicating patent

19

infringement must be arbitrated, nor did the arbitrator's award adjudicate the issues of patent invalidity or infringement. (A161-163).    Contrary to DeRosa's representation to the district court in opposing Marmo's motion to lift the stay and return the case to the active docket (A205, paragraph 4), it is the duty of the party seeking to compel arbitration to demonstrate that a valid agreement exists, that the other party is bound by that clause, and that the claim comes within the clause's scope. *Dialysis Access Ctr.,LLC v. RMS Lifeline, Inc.*, 638 F.3d 367, 375 (1st Cir. 2011).

Marmo was never put on notice, prior to the order denying its motion to lift stay, that the district court thought patent infringement was to be included as an arbitrable issue because that point was neither argued to the district court by DeRosa, nor brought up, *sua sponte*, by the court. (A289, lines 8-13). To the contrary, Marmo had always contended, both to the court and DeRosa, that patent infringement was not an arbitratable issue. (A151; A182-183; A249-251; A257-264; A289, lines 17-23).    DeRosa first indicated patent infringement may be arbitrable when he submitted a draft "Short Form" of issues to the arbitrator (A247-248) well after the district court ordered the stay, to which Marmo objected. (A.250-251). Next, DeRosa **explicitly agreed** to Marmo's position regarding the non-arbitrability of patent infringement. (A253). Further, DeRosa only raised the issue of contract interpretation to the district court in his Response to Marmo's

20

Motion to Lift Stay **after the arbitrator issued the Award**, arguing that "Virginia, in contract interpretation is a 'plain language' state, that is the unambiguous language of a contract be given its plain meaning." (A204-205; A220-222). In this response, DeRosa, incredibly, argued Marmo waived or abandoned its principle counterclaim of patent infringement. However, the burden was on DeRosa, as movant for the arbitration (A79-80), to either request the court to determine the issues to be arbitrated, or to let the parties determine the issues to be arbitrated. DeRosa chose the latter by his silence to the district court and subsequent agreement that patent infringement would not be an issue for arbitration. (A253).

Waiver or abandonment of a right must be a voluntary relinquishment of a known right or claim. *See In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1317 (4th Cir. 1996). Marmo could not waive or abandon its counterclaim when it continuously contended patent infringement was not arbitrable and it never received a contrary argument from DeRosa. (A151; A182-183; A249-251; A257-264). Contrary to DeRosa's assertion of waiver or abandonment, Marmo unequivocally reserved its right to litigate patent infringement before the district court. (A250). DeRosa's failure to indicate a contrary view to either the district court or Marmo was his own failure. The district court's adoption of Derosa's argument of waiver and abandonment was error.

**4. The District Court was obligated to clearly define the arbitrable issues if the parties were in dispute**

It is understandable why the district court failed to expressly rule on whether patent infringement was an issue contemplated under the scope of the arbitration clause as the scope of the issues for arbitration was never in contention before the district court. (A87-89) (The parties had agreed to arbitrate the issues of contract rescission well before DeRosa filed suit). The court's silence on the issue could not be taken as an inference that patent infringement was arbitrable, as DeRosa never denied infringement, nor raised any answer, defense or response to the counterclaim of infringement.

If the District Court, as it now contends (A288, line 24 – 289, line 3; A291, lines 2-6), ordered the parties to arbitrate both rescission, an agreed to arbitrable issue, and patent infringement, the nonarbitrability of which was never up for debate, it failed to properly exercise its authority by failing to specify which issues were for the arbitrator to decide.  *See B & R Associates v. Dependable Ins. Co., Inc.*, 835 F.2d 526, 528-29 (4th Cir. 1987) (finding reversible error when a district court failed to specify which claims were to be submitted to arbitration).  The court never construed the contract, nor its arbitration clause.

Further, Marmo could not imply, by the court's silence and inaction that the district court intended the parties to arbitrate patent infringement because the court only ordered a stay "pending arbitration" (A142) which was exactly what Marmo

22

argued to the court, (A133-134; A142; 152-153), not a dismissal of the action. *Compare Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (finding that it was proper for the district court to dismiss the action if all issues were arbitrable); *see also Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001). The court therefore left it to the parties to decide what issues were arbitrable.

In fact, the court confirmed, in the transcript of the hearing to lift stay (A289, lines 6-16), stating that "You're [Marmo] the one that decided that, apparently, because you didn't put it [the infringement case] on. I didn't decide that". (A287, lines 21-23).

> **5. The District Court committed reversible error and this Court should remand for further proceedings on Marmo's counterclaim for patent infringement**

The District Court committed reversible error when, in denying lifting of the stay, after entry of the AWARD, the court *ex post-facto* finally gave direction to the parties stating, "I sent this case to arbitration. Now you're coming back and telling me there's something alive in it." (A287).

The time to have directed the parties to arbitrate certain issues, like the specific patent infringement issue of the instant case, was prior to the arbitration, not after the parties had agreed to the issues among themselves, and concluded the arbitration of those issues in an AWARD. (A161-163).

The district court, having entered the arbitrator's AWARD confirming patent ownership in Marmo, and denying the equitable contentions of rescission by DeRosa, should have lifted the stay for further proceedings consistent with the AWARD. *Jim Arnold Corp v. Hydrotech Sys., Inc.*, *supra*, (finding that "in order for a … district court to reach the patent infringement claim, it first must resolve the ownership interests…"). The ownership interests were resolved by the arbitration process and clearly stated in the AWARD.

The court clearly did not understand the Contract, or the issues that DeRosa wanted to arbitrate. As expressed in *Jim Arnold, Id.*, the issue of ownership is a threshold question of standing, i.e., the right of the patent owner, Marmo, to bring its counterclaim for patent infringement. DeRosa sought to defeat Marmo's ownership, and hence Marmo's standing, by its complaint for rescission of the Contract, which contained the assignment clause (A82-85, clause 2) conveying the invention to Marmo. DeRosa invoked his right to arbitrate the question of rescission, with which Marmo was in agreement. However, the threshold question of ownership, which was arbitrated and resolved in Marmo's favor, had nothing to do with the ultimate question of patent infringement. The court's failure to initially identify the issue of patent infringement as a matter to be arbitrated once the threshold issue of ownership is decided is evident in the discussion between the court and Pavelko, counsel for Marmo:

**THE COURT:**    Well, whatever use those patents had, if the ownership was in the wrong hands, whatever use was there was done prior to this contract.

**MR. PAVELKO:** I don't follow that.

A question, Your Honor.  If the ownership was in us, then patent infringement is part of that contract?  Patent infringement is the making, using or selling in an unauthorized manner.  How is that to be contemplated by us?

**THE COURT:** Well, you went to arbitration on anything involved in that contract or arising out of that contract.  Any damages that came from the use of those patents arose out of that contract that either gave you the patent rightly or wrongly.

**MR. PAVELKO:** No, Your honor. We disagree with that strongly.  Infringement has nothing to do –

**THE COURT:** Well, you can disagree, but I'm not going to allow you to keep this claim alive because this, in my – I find that it was a matter that should have gone before the arbiter and should have been resolved by him. So there isn't anything still alive in this case.

(A290-291).

Should the court have considered that the patent infringement counterclaim, having survived DeRosa's challenge to rescission, was also arbitrable, it should have afforded Marmo the opportunity to be heard on such issue, and should not have ended the cause.

Therefore, it was improper for the court to entertain DeRosa's argument, first raised after the arbitration AWARD, that Marmo "waived or abandoned" its

patent infringement claim (A220-221) when DeRosa did not timely raise the issue of arbitrability of the patent infringement counterclaim to the court, and the court did not direct the parties to arbitrate that issue. Waiting until arbitration was completed, at a point where both parties were moving for entry of the AWARD, was not timely. Therefore, this court should find it reversible error to have the cause ended, with prejudice, when Marmo was never provided the opportunity to have its patent infringement counterclaim heard.

### B. Whether Derosa's failure to request the District Court construe the contract to determine arbitrable issues waives any right to demand arbitration of the tort counterclaim

DeRosa was on notice Marmo considered patent infringement separate and apart from the agreed-to arbitration issues and failed to rebut this position, waiving or abandoning his right to subsequently have the contract interpreted as such.

"Waiver is the voluntary or intentional abandonment of a known legal right, advantage, or privilege." *Chawla v. BurgerBusters, Inc.*, 499 S.E. 2d 829, 833 (Virginia 1998); *see In re Varat Enterprises*, 81 F.3d at 1317. DeRosa intentionally waived the right to determine the arbitrability of patent infringement when he was on notice of Marmo's position and failed to raise the issue to the arbitrator or the district court. For this reason, on remand, this Court should instruct the district court to proceed with the patent infringement counterclaim.

### 1. DeRosa waived or abandoned any claim that patent infringement is an arbitrable issue by failing to raise the issue to the district court when on notice of Marmo's position

DeRosa, as stated above, first raised the issue of contract interpretation to the district court only after the arbitrator issued his award, simply raising the argument that Virginia is a "plain language" state. (A220). Although DeRosa appears confident that the tort of patent infringement was contemplated under a requirements contract between the parties, DeRosa never requested that the contract be interpreted prior to his response to Marmo's motion to lift the stay. However, DeRosa was on notice that Marmo disputed the arbitrability of patent infringement at least as early as Marmo's motion to sever the case to move forward with its patent infringement counterclaim. (A152-153 ). Marmo made it abundantly clear before the district court that it did not consider patent infringement an arbitratable issue, wherein it was stated that: (A153),

> The right to exclude arises under the Patent laws of the United States (Title 35 U.S.C. § 271 *et seq*) and not under a private contract which Plaintiff wants to rescind. Defendant, while agreeing to arbitrate Plaintiff's contract rescission claim, does not seek arbitration as a remedy to its counterclaim for patent infringement.

(See also A133-134).

DeRosa did not respond to either Marmo's Opposition or its counterclaim. DeRosa never disputed Marmo's claim of patent infringement, nor raised the issue

of arbitrability of patent infringement to the court. With both parties in agreement over the arbitrability of the Appellee's rescission claim, the district judge ordered a stay "pending arbitration" without saying more. There was no direction to the parties to arbitrate patent infringement. *Eatoni Ergonomics, Inc. v. Research In Motion Corp.*, 633 F.Supp.2d 109, 116 (S.D.N.Y. 2009) (quoting *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2nd Cir. 1997) "[a] court may stay issues not subject to arbitration 'pursuant to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants'").

Marmo's unrebutted position, expressed in April 2010, and again in August 2011, was that patent infringement was not for arbitration, and both the District Court and DeRosa were at least **on notice** of Appellant's position, and neither one addressed it.

### 2. DeRosa's conduct before the arbitrator further highlights his waiver and abandonment of his right to have the arbitration clause of the contract interpreted in his favor

DeRosa's pre-arbitration statement of issues to the arbitrator, to Marmo's surprise, and not raised to the district court, included patent infringement. Marmo objected, stating, "Patent Infringement is not an Arbitratable Issue under the Agreement before the Arbitrator and will be pursued in the court by Defendant once the Arbitration is completed". (A257-261, at 260). In response, DeRosa not

only consented to Marmo's reservation, but never again raised the issue of arbitrability of patent infringement to the arbitrator.

DeRosa demonstrated his intent to relinquish his right to have patent infringement arbitrated or have a court determine the arbitrability of an issue when he expressly consented to Appellant's statement that patent infringement was not an arbitratable issue prior to agreeing to over 30 arbitrable issues in the "JOINT STATEMENT OF ARBITRATION ISSUES," none including the issue of patent infringement. (A257-264). This amounted to an intentional relinquishment of DeRosa's right to invoke the arbitration clause regarding the issue of patent infringement.

### 3. DeRosa and Marmo clearly defined the issues for arbitration

Arbitration is a way to solve contract disputes between parties, but only those disputes that the parties have agreed to submit to arbitration. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). As the Supreme Court has stated, "the wishes of the contracting parties" control. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 57 (1995). Further, courts have recognized that parties can agree to which issues the arbitrator is permitted to arbitrate. *See Gunn v. Veterans Admin.Med.Ctr., Birmingham, Ala.*, 892 F.2d 1036, 1040 (Fed Cir.1990). As Marmo continuously contended throughout the

dispute with DeRosa, patent infringement is not an arbitrable issue, however, if DeRosa had any disagreement with that contention, his silence and consent waived any further argument to this affect. *Amchem Products, Inc. v. Newport News Circuit Court Asbestos Cases*, 563 S.E.2d 739, 743-44 (Virginia 2002) (finding it is well settled in Virginia that a written contract can be modified by an express mutual agreement). The only issues properly before the arbitrator were those issues agreed to and submitted to the arbitrator in the Joint Statement of Arbitration Issues.

DeRosa waived his right to raise the issue of arbitrability of patent infringement when he failed to timely raise this issue before the District Court, or in the alternative, at least preserve the issue with the arbitrator. This case should be remanded with instructions to proceed with patent infringement in district court.

### C. Whether DeRosa's conduct in arbitrating only the ownership issue resulted in prejudice to Marmo when the arbitration confirmed Marmo's ownership of the patent-in-suit

Upon return to the district court to enter the AWARD, it was not only disingenuous that DeRosa argued that Marmo waived or abandoned its patent infringement counterclaim, but it was dishonest considering the undisputed fact that DeRosa knew that Marmo had stated, prior to arbitration, that patent infringement was not an arbitratable issue but "will be pursued in the court once the Arbitration is completed." (A250-253).

30

The contract clause at issue does not expressly state patent infringement is an issue that must be arbitrated. The district court was not asked to interpret the contract, nor did the district court take it upon itself to address contract interpretation.

After receipt of the AWARD, which made no finding on the issue of, or defense to, infringement, DeRosa argued to the district court that the arbitration clause of the contract covered patent infringement and that Marmo waived or abandoned its claim of patent infringement by not arbitrating the issue. DeRosa argued this despite knowing that, in formulating the issues to be arbitrated before the arbitrator, Marmo expressed its intention to proceed with patent infringement before the district court, and DeRosa consented to the same.

Even if DeRosa wants to continue to falsely argue it was Marmo's duty to invoke the arbitration clause to settle a claim that Marmo never contemplated for arbitration, DeRosa expressly relinquished that right before proceeding to arbitration. These omissions and affirmative actions by DeRosa have caused significant delay in this case.

An egregious delay, such as that caused by DeRosa in the current case, greatly prejudices a patent owner. A patent right gives the owner a right to exclude others from making, selling, offering to sell, etc., products made under the patent for a defined period of time. 35 U.S.C. § 271(a). A patent term lasts only 20 years

from the date the patent application was filed. 35 U.S.C. § 154(a)(2). The patent-in-suit in the current case was filed on November 10, 1999. (A45).

Furthermore, the right of a patentee to collect damages for past infringement is limited by statute (35 U.S.C. § 286, (first paragraph)) to six (6) years "prior to the filing of the complaint or counterclaim for infringement in the action." At the time the counterclaim for patent infringement was filed, April 14, 2010, Marmo still had almost ten years for his exclusionary right under the patent, and could collect damages from DeRosa for any infringing activity beginning April 14, 2004. Through the delay caused by DeRosa, Marmo has less than seven years left on the term of its patent, and would be limited in the damages collected.

This delay was first caused by DeRosa's failure to follow the district court's initial order compelling arbitration (well over one year of a delay) and followed by DeRosa's express waiver to arbitrate patent infringement. The delay was compounded when DeRosa represented to the court that Marmo waived or abandoned patent infringement when it was, in fact, DeRosa that acquiesced in Marmo's express position patent infringement was not an arbitrable issue. The Court should remand this action to the District Court and order the court to proceed with patent infringement litigation.

## VII.  <u>CONCLUSION</u>

For the foregoing reasons, Marmo respectfully requests this court (1) to reverse the judgment of the district court and vacate that portion of the order of April 6, 2012, denying, with prejudice, Defendant's Motion to Lift Stay and Reinstate the Case to the Active Docket; and (2) remand this case to the district Court, with instructions to proceed on Marmo's counterclaim of patent infringement.

Dated: May 20, 2013                    Respectfully submitted;

/s/Thomas P. Pavelko
Thomas P. Pavelko
Daniel P. Mullarkey
NOVAK DRUCE CONNOLLY BOVE +
    QUIGG, LLP.
 1875 I (EYE) St, NW
 Eleventh Floor
Washington, D.C. 20006
Tel: (202) 331 7111
Fax: (202) 293 6229
Email: tom.pavelko@novakdruce.com
     Daniel.mullarkey@novakdruce.com

*Counsel for Appellant, J.P.Walsh & J.L. Marmo Enterprises, Inc.*

## REQUEST FOR ORAL ARGUMENT

Appellant requests oral argument on the issues presented in this appeal.

# United States Court of Appeals for the Fourth Circuit

*DeRosa v. J.P. Walsh & J.L. Marmo Enterprises, Inc.*, No. 13-1423

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   __x__  The brief contains 7,282 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii),or

   _____  The brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   __x__  The brief has been prepared in a proportionally spaced typeface using MS Word 2007 in a 14 point Times New Roman font or

   _____  The brief has been prepared in a monospaced typeface using MS Word 2002 in a ___ characters per inch_____ font.

May 20, 2013_____          /s/Thomas P. Pavelko_____
Date                           Counsel for Appellant

34

# United States Court of Appeals
# for the Fourth Circuit

*DeRosa v. J.P. Walsh & J.L. Marmo Enterprises, Inc.*, No. 13-1423

## CERTIFICATE OF SERVICE

I, Robyn Cocho, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by NOVAK DRUCE CONNOLLY BOVE + QUIGG, LLP, Attorneys for Appellant to print this document. I am an employee of Counsel Press.

On **May 20, 2013**, Counsel for Appellant has authorized me to electronically file the foregoing **BRIEF OF DEFENDANT-APPELLANT** with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> William E. Hassan
> Law Office of William E. Hassan
> 10511 Judicial Drive, Suite 110
> Fairfax, VA 22030
> (703) 243-7552
> weh@whassanlaw.com
> *Counsel for Plaintiff-Appellee*
> *John L. DeRos*a

Additional a paper copy will be mailed to the above counsel on this date.

Unless otherwise noted, 8 paper copies have been filed with the Court on the same date via U.S. Express Mail.

May 20, 2013                                          /s/ Robyn Cocho
                                                      Counsel Press